June 1, 2009

The Honorable Kenda Culpepper
Rockwall County Criminal District Attorney
Rockwall Government Center
1101 Ridge Road, Suite 105
Rockwall, Texas 75087

Opinion No. GA-0717

Re: Validity of a city charter provision that permits a majority of council members to call a special meeting (RQ-0763-GA)

Dear Ms. Culpepper:

You indicate that section 3.08 of the charter of the City of Rockwall declares that "[s]pecial meetings of the City Council shall be held at the call of the Mayor or *a majority of the Council members* . . . upon provision of public notice in accordance with state law."[1] You inquire as to whether section 3.08 violates the Open Meetings Act, chapter 551 of the Government Code (the "Act") either facially or as it may be applied. Specifically, you ask whether "a majority of council members [may] call, without deliberating at a publicly noticed meeting . . . a special meeting of the city council without violating the Open Meetings Act." Request Letter at 1. As we have not been presented with a specific factual scenario, our analysis is necessarily limited to whether the charter provision violates the Act on its face.

The Act does not specifically address the procedures for calling a special meeting of a governmental body. However, any procedures adopted by the city council must be consistent with the Act's requirements. Under the terms of the Act, "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). The Act defines "meeting" to include a "deliberation between a quorum of a governmental body." *Id.* § 551.001(4) (Vernon Supp. 2008). A "deliberation" is a "verbal exchange during a meeting between a quorum of a governmental body . . . concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2).[2] Because the Rockwall City Council consists of a mayor and six council members, a majority of the

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]In a prior opinion, we said that the Act "does not require that governmental body members be in each others' physical presence to constitute a quorum." Tex. Att'y Gen Op. No. GA-0326 (2005) at 3. Relying, *inter alia*, on *Esperanza Peace & Justice Center v. City of San Antonio*, the opinion found that the Act is applicable to a governmental body that takes action without conducting a public meeting, even though that action avoids the technical definitions of "meeting" and "deliberation." *Id.* at 5 (citing *Esperanza Peace & Justice Ctr. v. City of San Antonio*, 316 F. Supp. 2d 433, 472, 478).

Council, as called for by the charter provision, also constitutes a quorum of the governmental body (Council plus Mayor) under the Act. The word "quorum" generally means "a majority of a governmental body." *Id.* § 551.001(6).

In a prior opinion, this office stated that "agenda preparation procedures may not involve deliberations among a quorum of members of a governmental body except in a public meeting for which notice has been posted." Tex. Att'y Gen. Op. No. DM-473 (1998) at 3. We need not, however, adopt any global statement about agenda preparation procedures, because the question before us is more narrow than that.[3] We are asked only to determine whether a majority of the city council may call a "special meeting" under the referenced charter provision without violating the Act.

As was the case with agenda preparation, the procedures for calling a special meeting under the charter provision may not involve deliberations among a quorum of the city council outside of a public meeting for which notice has been posted. While the charter provision appears to invite a quorum of the governmental body to engage in a prohibited exchange "concerning an issue within the jurisdiction of the governmental body or any public business," the charter provision does not necessarily mandate any deliberation among a quorum of city council members. TEX. GOV'T CODE ANN. § 551.001(2) (Vernon Supp. 2008). In addition, your request to us expressly assumes a call made "without deliberating at a publicly noticed meeting." Request Letter at 1. In other words, your question asks us to assume the call at issue is made without deliberation. Thus, we cannot conclude that every conceivable procedure put into place by the city council to implement section 3.08 of the charter would on its face violate the Act. As a result, we cannot determine as a matter of law that the charter provision at issue would contravene the Act.

We caution, however, that "if a member or group of members of a governmental body knowingly conspires to circumvent the [A]ct by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of the [A]ct, the person or persons commit a criminal offense."[4] Tex. Att'y Gen. Op. No. DM-0473 (1998) at 3.

---

[3]We also need not address section 22.038(b) of the Local Government Code, which provides that "[t]he mayor may call a special meeting on the mayor's own motion or on the application of three aldermen." TEX. LOC. GOV'T CODE ANN. § 22.038(b) (Vernon 2008). That chapter of the Local Government Code is applicable only to a Type A general-law municipality. *Id.* § 22.001. The City of Rockwall is on the other hand, by virtue of its charter, a home-rule municipality.

[4]In considering a claim by two elected officials that section 551.144 of the Act violates the First Amendment, the Fifth Circuit concluded that this provision is a content-based speech regulation that is subject to strict scrutiny review, and remanded the case for further proceedings in the district court. *Rangra v. Brown*, No. 06-51587, 2009 WL 1100611, at **1, 3 (5th Cir. Apr. 24, 2009). Although the court directed the district court to apply strict scrutiny in evaluating the elected officials' First Amendment claim, it did not invalidate section 551.144. *See id.*

## S U M M A R Y

We cannot conclude, as a matter of law, that a charter provision of the City of Rockwall permitting a majority of members of the city council to call a special meeting violates the Open Meetings Act on its face.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee